## Scott's Estate.

| 202  | 389 |
| s223 | 527 |
| s223 | 529 |

*Trusts and trustees—Executors and administrators—Citation to account.*
The administratrix of a deceased trustee has no standing to cite to account the surety of the deceased trustee in whose possession are the assets of the trust estate, so that she may establish and collect commissions earned by the deceased trustee. Her remedy is, as administratrix, to file the decedent's account as trustee, and if that shows a balance for commissions or otherwise, she will be in a position to call upon the substituted trustee to pay.

Argued Jan. 15, 1902. Appeal, No. 319, Jan. T., 1901, by Esther H. Cochran, Administratrix, from decree of C. P. No. 2, Phila. Co., Dec. T., 1894. No. 502, refusing petition for citation to the Guarantee Trust Company in Estate of Freeman Scott, Deceased. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for citation.
The petitioner averred that Thomas Cochran was made trustee of certain real estate, with a duty to collect the rents, to sell the same, to pay liens, debts, etc., and to pay over any funds remaining thereafter to the heirs of Freeman Scott; that Cochran died on June 2, 1899; that a new trustee, William Righter Fisher, Esq., was appointed in his place on July 13, 1900, who has since acted; that Cochran discharged his duties as trustee from the time of commencement thereof until his death; that as trustee he collected the rents, sold the real estate, and paid taxes, liens, incumbrances and debts; that Cochran became entitled to receive commissions; that he received none such; and that the appellee has refused to pay him, or his estate, the commissions due to him; that the appellee became Cochran's surety; that all the assets of the trust estate were placed in its possession as such surety, "and it has ever since to the day of his death held the same, and has all the vouchers, securities, receipts, accounts and all other papers of said trust estate in its possession;" that she is advised it is the duty of the appellee, as Cochran's surety, because of such possession of vouchers, securities, receipts and accounts, to file an account of the

trust estate, "so that the liability of the said Thomas Cochran may be settled, his estate discharged and his just and lawful commissions be paid or awarded to him or your petitioner, administratrix as aforesaid."

She prayed that the appellee shall file "a just account of said trust estate and make a true statement thereof in this court, or to make such other or further order as to the court may seem fit and proper."

The court refused the citation.

*Error assigned* was in refusing the citation.

*Charles Hunsicker*, with him *George T. Hunsicker* and *Joseph W. Hunsicker*, for appellant.

*John G. Johnson* and *Richard P. White*, for appellee were not heard.

OPINION BY MR. JUSTICE MITCHELL, May 5, 1902:

Appellant presented a petition for a citation to the Guarantee Trust Company, appellee, to file an account of the trust estate of Freeman Scott, deceased. The petition set forth that Cochran was trustee of the said estate, and in that capacity had earned certain commissions now due to the petitioner as his administratrix, which she was desirous to establish and collect but that all the assets, together with the vouchers, accounts, etc., of the said estate were in the hands of appellee as Cochran's surety.

Appellant has mistaken her remedy. She has no title or interest in the estate of Scott; and her only occasion for the account is to establish a claim against it for commissions to the former trustee. For this purpose the duty to account is upon her. As administratrix of Cochran she should file his account as trustee, and if that shows a balance in his favor for commissions or otherwise, she will be in position to call upon the present trustee to pay. Under what circumstances or arrangement the surety has or had possession of the assets does not appear; but it is manifest that the legal title to them is in the present trustee and not in the appellant. If the latter in order to make up her account as Cochran's administratrix re-

1902.]                    Opinion of the Court.

quires any information, vouchers or other evidence now in the hands of the appellee, she will, of course, be entitled to them for such purpose, and if refused her on call, she has abundant remedy by subpœna, or bill of discovery, if necessary, but there is nothing in the petition to entitle her to the relief now sought.

Decree affirmed.