# Scott's Estate.

*Trusts and trustees—Commissions—Assignment of commissions—Insolvent trustee.*

Where the widow and administratrix of an insolvent trustee files an account of the trust estate showing a large indebtedness by the trustee to the estate, which the trustee's surety is compelled to pay, and it also appears that the trustee in his lifetime had assigned his commissions to his surety, the widow and administratrix has no right to demand from the substituted trustee payment of the commissions which had been assigned to the surety, and which had never been paid over by the surety to the substituted trustee.

Argued Jan. 6, 1909. Appeal, No. 120, Jan. T., 1908, by Esther H. Cochran, Administratrix of the Estate of Thomas Cochran, deceased, from decree of C. P. No. 2, Phila. Co., Dec. Term, 1894, No. 502, dismissing exceptions to auditor's report in Estate of Freeman Scott, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of James W. King, Esq., auditor.

The facts are stated in the opinion of the Supreme Court

*Errors assigned* were in dismissing exceptions to auditor's report.

*Charles Hunsicker*, with him *Jos. W. Hunsicker*, for appellant. —The commissions are part of the estate of Freeman Scott, deceased, and can only be collected and received by the substituted trustee. No one else had any right to the estate: Stair v. York Nat. Bank, 55 Pa. 364; Meiser v. Eckhart, 19 Pa. 201; Little v. Walton, 23 Pa. 164; Scott's Estate, 202 Pa. 389.

The commissions until fixed, allowed and actually paid over to the party entitled, remain a part of the trust estate.

No commissions can be allowed on the corpus of the estate (and decedent's account consisted of over two-thirds of corpus) until the termination of the trust or the particular trustee's relation to it ends: Mintzer's Est., 43 Legal Int. 292; Bosler's Est., 161 Pa. 457.

The commissions of a trustee are not assignable; either past or future commissions. Such an assignment is incompatible with his continuance as trustee, and is void as being against public policy: Taylor's Est., 5 Phila. 218; Adams's App., 47 Pa. 94.

*John G. Johnson*, with him *Joseph H. Taulane*, for appellee.

OPINION BY MR. JUSTICE STEWART, March 1, 1909:

In a former proceeding institued by this appellant, in which there was an appeal to 202 Pa. 389, the effort was to require The Guarantee Trust and Safe Deposit Company, the surety of appellant's husband, who had been until his death trustee under certain deeds of trust made by Freeman Scott, deceased, to file an account of the trust. It was there held that appellant was without title or interest in the estate of Scott, and as her only occasion for an account was to establish a claim against it for commissions, the duty was upon her, as administratrix of her deceased husband, to file his account as trustee, and if such account should show a balance in his favor for commissions or otherwise, she would be in a position to call upon the present trustee to pay. She thereupon filed an account which showed

a balance due the trust of $12,907.24, exclusive of commissions claimed. At the audit accountant was surcharged with interest in the sum of $4,812.44, making a debit balance $17,719.68. From this the auditor deducted $3,234 for expenses of audit, attorneys' fees, etc., and $7,593.38 commissions due accountant, together aggregating $10,827.38. The balance thus ascertained to be due the estate was $6,892.30, which the auditor awarded to the substituted trustee. The Guarantee Trust and Safe Deposit Company claimed to have the amount allowed by way of commissions specifically awarded to it, on the ground that Cochran in his lifetime, in writing, had assigned them to the company. Inasmuch as the account showed indebtedness due from Cochran, the trustee to the estate, in excess of the commissions, the auditor very properly refused the demand, and applied the commission as a credit upon the account. Cochran for years before his death had been an insolvent. That he was permitted to act as trustee, was due doubtless to the fact that The Guarantee Trust and Safe Deposit Company was his surety, and the further fact, that by arrangement with him and this company, after his insolvency occurred, all moneys due the trust estate were paid by the parties directly to the company, the trustee himself keeping no separate account. The estate being thus managed, at Cochran's death the trust company had in its own hands whatever remained of the trust fund, and as surety was liable as well for whatever deficit there might be. Upon the final confirmation of the auditor's report, the trust company paid over to the substituted trustee the balance awarded, retaining in its own hands however the amount allowed Cochran as commissions. The present contention arises on the first account of the substituted trustee. The account shows a large balance for distribution. Appellant first excepted to confirmation on the ground that accountant had not charged himself with the commissions allowed her on her account as administratrix of Cochran, and which she averred she had never received. She asked that the accountant be surcharged with the amount; and, failing in this, that she be awarded, out of the fund for distribution, an amount equal to the commissions allowed her. The auditor having refused her claim exceptions

were filed to his report; and these having been in turn over-ruled by the court, this appeal results. A mere statement of the case, without argument, resolves the question sought to be raised. On what possible ground can it be pretended that the present trustee should be surcharged with these commissions? He is answerable only for such assets of the estate as came, or should have come, into his hands. These commissions were never received by him; nor could he have asserted any right to them; they ceased to be part of the trust estate when they were applied as a credit on the former trustee's account, and any action on the part of the substituted trustee to recover them, no matter in whose possession, would have been utterly fruitless. Nor has appellant's claim to be paid them out of the balance for distribution on this account, any more reason for this support. They constitute no part of the fund, have not contributed to it in any way, nor are they an indebtedness of the estate. It is idle to say that in making her present demand, appellant is observing the direction of this court in Scott's Estate, 202 Pa. 389. What we there said was that if upon statement of her account, as administratrix of Cochran, a balance appeared in his favor for commissions or otherwise, she would be in position to call upon the present trustee to pay. Of course, such balance would constitute an indebtedness of the trust estate, for which recovery could be had. But, unfortunately for appellant, the account she settled, when adjudicated, instead of showing a balance due the accountant, showed a balance due the estate far in excess of the commissions; and this balance the surety was required to make good. The commissions which were allowed Cochran, are just where Cochran himself put them—in the hands of the trust company. In the adjudication upon the account stated by appellant, no notice could be taken of the fact that the funds of the estate were in the custody of the surety. Presumptively they were in the hands of the trustee, or subject to his control. If otherwise, and they are being improperly withheld from the appellant, her controversy must be, not with the trust estate of Freeman Scott, but with the party withholding the fund.

The appeal is dismissed at costs of the appellant.